In the course of the trial of this cause it became necessary for the defendant to show where Julias Sanders and others crossed the Elk River in 1781, it being the place of beginning called for both in the entry and grant of the defendant.
The defendant introduced a witness, Joseph Greer, to prove what Alexander Greer told him had been said by Julias Sanders upon that subject. Both Sanders and Alexander Greer were dead. It also appeared that, at the time the statement was made by Sanders to Alexander Greer, another person was present; to-wit, a man by the name of Waldin. It did not appear that Waldin was dead, or that the defendant could not get his testimony.
It was determined in the case of Athol v. Ashburnham that, for the purpose of proving a pedigree, a witness might detail what another had told him he heard a third person say on the subject, both these persons being dead. Bul. N. P. 295. If that determination be law, and the Court have no reason to doubt it, the evidence now offered is admissible. We admit that every remove which is made from Julias Sanders renders the testimony weaker, but it is still competent. The object is to prove where Sanders crossed the Elk River. No doubt exists but that this may be done from, evidence of what persons now dead have been heard to say. The same rule applies to all cases of pedigree, prescription, or ancient landmarks. If Alexander Greer were living and present, it would be competent for him to prove what Sanders had said; and he being dead, Joseph. Greer may be permitted to prove what Alexander told him had been said by Sanders. It is equally *Page 143 
competent, though weaker testimony. The reason why, in cases of pedigree, prescription and ancient boundary, the party may prove what persons, then dead, have been heard to say when living is that, in such cases, the party claiming the benefit of the evidence shall not be deprived of it by the death of the witness if he can in anywise show what knowledge the witness had on the subject. What he has been heard to say is pretty strong evidence of what he knew.
But it has been objected that the defendant ought to produce Waldin, as he is now living. Perhaps Waldin's statement would be more satisfactory, but that does not render the evidence offered inadmissible. It might be contended, with the same propriety, that evidence direct of what Sanders has said would not be admissible testimony because other persons were along with him when he crossed Elk River, who are now living, and capable of being produced.
Let the witness be examined.